# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 28, 2013

Lyle W. Cayce
Clerk

No. 12-31160
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL DAVID PETERS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CR-54-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Michael David Peters entered a conditional guilty plea to a charge of failure to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a). Prior to his plea, Peters moved unsuccessfully to dismiss this count of the indictment based on his assertion that Congress violated the non-delegation doctrine by giving the Attorney General the power to decide whether the SORNA applied retroactively. Peters's conditional plea reserved his right to bring this issue on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-31160

In *United States v. Johnson*, 632 F.3d 912 (5th Cir. 2011), the defendant raised an identical challenge to the SORNA.  Reviewing de novo, we noted that the non-delegation doctrine argument had been rejected in *United States v. Whaley*, 577 F.3d 254, 260-64 (5th Cir. 2009).  *Johnson*, 632 F.3d at 917.  Peters recognizes that his argument is foreclosed but presents the issue to preserve it for further appellate review in light of the dissent in *Reynolds v. United States*, 132 S.Ct. 975 (2012).  As Peters concedes, we are bound by *Johnson* and *Whaley*. *See United States v. Short*, 181 F.3d 620, 624 (5th Cir. 1999) (noting that a panel is bound by the precedent of previous panels absent an intervening Supreme Court case explicitly or implicitly overruling the prior precedent).

AFFIRMED.